IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 3:23CR54 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES R. KNEPP II |
| | ) | |
| v. | ) | |
| | ) | |
| MUHAMMADO ABDOULAYE | ) | PROPOSED PROTECTIVE ORDER |
| DIOKHANE, aka MO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon the Government's application, pursuant to Criminal Rule of Procedure 16(d)(1), for a Protective Order to restrict access to certain discovery materials.

The Court finds and orders as follows:

(1) There is good cause to believe that the restriction of certain discovery information, including records containing personal identifiers and financial information of victims/witnesses and Jencks Acts materials, under the terms set forth in this Order, will ensure the safety victims/witnesses, protect the personal information of individuals involved in the case, preserve the integrity of the discovery process and serve the ends of justice, while protecting the rights of the Defendant to the disclosure of evidence under Criminal Rule of Procedure 16(a) and to adequately assist counsel in the preparation of a defense.

(2) Counsel for the government will clearly identify to defense counsel those discovery materials that it deems in need of protection. Such materials shall be clearly marked, "Protected Material." If a compact disc, DVD, hard drive or thumb drive is marked "Protected Material," the term "Protected Material" applies to the entire contents of the compact disc, DVD, hard drive or thumb drive, unless otherwise specified. If discovery is produced on USAfx, and a folder is marked "Protected Material," the term "Protected Material" applies to the entire contents of the folder.

(3) It is ordered that items marked "Protected Material," which are disclosed by the Government to defendant's counsel, must be maintained in a secure location. Discovery items may be disclosed and shared amongst defense counsel's representatives, agents, and staff.

(4) It is ordered that counsel for Defendant may copy "Protected Material" and provide the copy, electronic or otherwise, of the "Protected Material" for the purpose of sharing the material with the specific Defendant that counsel represents, and representatives, agents and staff of counsel.

(5) It is ordered that counsel for Defendant is prohibited from providing access to "Protected Material" discovery to any person who is not directly associated with the legal representation of his client, except under the terms set forth in this Order.

(6) It is ordered that counsel for Defendant is personally responsible for ensuring that "Protected Material" discovery is not disseminated in a manner in violation of the above procedures.

(7) Counsel for Defendant may challenge the "Protected Material" designation of select discovery by filing a motion with this Court. Prior to bringing any challenge before the Court, however, defense counsel must first attempt to resolve the matter informally with the

government.

      Violation of any provision in this Protective Order may be punished as Contempt of Court.

          *s/ James R. Knepp II*
          JAMES R. KNEPP II
          UNITED STATES DISTRICT JUDGE

Dated: 2/27/2023