FILED
FEB 01 2023
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

United States Courts
Southern District of Texas
FILED

*February 17, 2023*

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MUHAMMADO ABDOULAYE<br>DIOKHANE, aka MO,<br>SHANICE HODGE, aka SHAI,<br>ESTON JOHNSON, aka EJ BANDZ,<br>BRYAN PERRY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

I N D I C T M E N T

CASE NO. 3:23 CR 54

JUDGE KNEPP

Title 18, United States Code,
Sections 1028A, 1343, 1344,
1349, and 2

**4:23-mj-322**

## GENERAL ALLEGATIONS

At all times material to this Indictment:

1. JPMorgan Chase Bank, certificate number 628, was a financial institution as defined in Title 18, United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation. Farmers Bank, certificate number 2850, was a financial institution as defined in Title 18, United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation. Bayonne School Employees Federal Credit Union, charter number 2641, was a financial institution as defined in Title 18, United States Code, Section 20, the deposits of which were insured by the National Credit Union Share Insurance Fund.

Collectively, these financial institutions are referred to herein as the "Banks."



ORIGINAL

7

2.      Cash App was an Internet-based mobile payment service headquartered in San Francisco, California.

3.      Telegram Messenger was an Internet-based mobile messaging service registered in the British Virgin Islands.

COUNT 1
(Conspiracy, 18 U.S.C. § 1349)

The Grand Jury charges:

4.      The factual allegations contained in paragraphs 1-3 are incorporated here.

5.      From in or around February of 2022 to in or around January of 2023, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Western Division, and elsewhere, Defendants MUHAMMADO ABDOULAYE DIOKHANE, aka MO, SHANICE HODGE, aka SHAI, ESTON JOHNSON, aka EJ BANDZ, and BRYAN PERRY, together with others known and unknown, knowingly combined, conspired, confederated, and agreed with each other, and with others known and unknown to the Grand Jury, to commit offenses under Title 18, United States Code, Chapter 63, to wit:

a. knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, and pictures, in violation of Title 18, United States Code, Section 1343; and

b. knowingly devised a scheme and artifice (i) to defraud the Banks; and (ii) to obtain moneys, funds, credits, assets, and other property owned by, and under the

2

custody and control of the Banks, by means of false and fraudulent pretenses, representation, and promises, in violation of Title 18, United States Code, Section 1344.

## Objects of the Conspiracy

6.    The objects of the conspiracy were to: (a) steal identification and bank information from victims; (b) create identification documents containing victim identifiers but depicting the pictures of co-conspirators; (c) travel to bank locations around the country and withdraw money from victim's bank accounts using the victim's identification information, (d) immediately transfer proceeds to various co-conspirators in order to obscure the origins of the proceeds, and (d) enrich the members of the conspiracy.

## Manner and Means of the Conspiracy

7.    It was part of the conspiracy that:

a.    DIOKHANE and JOHNSON obtained stolen bank account and personal identifying information belonging to victims throughout the United States.

b.    DIOKHANE and JOHNSON caused false identification documents to be created with the stolen personal information of victims, but depicting the photograph of a co-conspirator, such as PERRY or others known and unknown to the Grand Jury (hereinafter "the strawman" or "the strawmen"). DIOKHANE and JOHNSON would provide the co-conspirator strawmen with the false identity documents depicting the strawman's face and the stolen bank information.

c.    DIOKANE, JOHNSON, and HODGE arranged for the strawmen to travel by airplane, bus, or car around the United States to locations where victims' banks had physical locations.

3

d. Once at the physical bank location, DIOKHANE and JOHNSON caused the strawman to enter the bank with the stolen identity and bank information and cash checks, make withdrawals, or order money transfers in amounts typically ranging from $4,000 to $10,000.

e. DIOKHANE and JOHNSON took over victim mobile phone numbers by use of false pretenses in order to confirm withdrawal and money transfer authorizations from the Banks.

f. After the strawman withdrew funds from the victim accounts, the strawman transferred the fraud proceeds to DIOKHANE, JOHNSON, and HODGE, who then distributed the funds to accounts at the Banks and Cash App.

g. DIOKHANE, JOHNSON, HODGE, and PERRY then traveled around the country using assumed identities in order to evade detection by law enforcement and to locate new banks associated with victims in furtherance of the scheme.

Acts in Furtherance

8. On or about May 24, 2022, DIOKHANE and JOHNSON traveled with PERRY on a flight from Newark, New Jersey to Kansas City, Missouri.

9. On or about June 2, 2022, DIOKHANE sent a Telegram message to PERRY directing PERRY to send fraud proceeds to a bank account associated with DIOKHANE.

10. On or about July 6, 2022, HODGE booked a flight for PERRY from Newark, New Jersey to San Diego, California.

11. On or about August 6, 2022, HODGE sent PERRY a Cash App transfer of $400 to pay for PERRY's travel expenses.

12. On or about August 11, 2022, JOHNSON sent PERRY a Cash App transfer of

4

$239 to pay for PERRY's travel expenses.

13.     On or about August 22, 2022, DIOKHANE caused a package to be delivered by the United Parcel Service to PERRY in Portland, Oregon, containing fraudulent identification documents.

14.     On or about September 8, 2022, DIOKHANE caused PERRY to open a bank account using A.D.'s personal information at a Farmers Bank location in Twin Falls, Idaho and deposit a fraudulent $7,800 check.

15.     On or about September 14, 2022, while in Fulton County, Ohio, PERRY possessed thirteen driver's licenses from New York, Florida, Georgia, Connecticut, Missouri, and Utah, containing the personal information of various victims, but depicting PERRY's face.

16.     On or about January 13, 2023, while in Sandusky County, Ohio, DIOKHANE and JOHNSON possessed eight driver's licenses from Texas, Illinois, California, Massachusetts, New York, and Florida, containing the personal information of various victims, but depicting a female strawman's face.

All in violation of Title 18, United States Code, Section 1349.

COUNT 2
(Aggravated Identity Theft, 18 U.S.C. § 1028A)

The Grand Jury further charges:

17.     The factual allegations contained in paragraphs 1 through 16 are incorporated by reference as if stated fully herein.

18.     On or about September 14, 2022, in the Northern District of Ohio, Western Division, Defendants BRYAN PERRY and MUHAMMADO ABDOULAYE DIOKHANE, aka MO, did knowingly possess, without lawful authority, a means of identification of another person, to wit: a New York driver's license containing information belonging to victim A.D.,

during and in relation to Bank Fraud in violation of Title 18, United States Code, Section 1344, knowing that the means of identification belonged to another actual person, all in violation of Title 18, United States Code, Sections 1028A and 2.

## COUNT 3
(Aggravated Identity Theft, 18 U.S.C. § 1028A)

The Grand Jury further charges:

19.    The factual allegations contained in paragraphs 1 through 16 are incorporated by reference as if stated fully herein.

20.    On or about January 13, 2023, in the Northern District of Ohio, Western Division, Defendants MUHAMMADO ABDOULAYE DIOKHANE, aka MO, and ESTON JOHNSON, aka EJ BANDZ, did knowingly possess, without lawful authority, a means of identification of another person, to wit: a California driver's license containing information belonging to victim C.J., during and in relation to Bank Fraud in violation of Title 18, United States Code, Section 1344, knowing that the means of identification belonged to another actual person, all in violation of Title 18, United States Code, Sections 1028A and 2.

## COUNT 4
(Aggravated Identity Theft, 18 U.S.C. § 1028A)

The Grand Jury further charges:

21.    The factual allegations contained in paragraphs 1 through 16 are incorporated by reference as if stated fully herein.

22.    On or about January 13, 2023, in the Northern District of Ohio, Western Division, Defendants MUHAMMADO ABDOULAYE DIOKHANE, aka MO, and ESTON JOHNSON, aka EJ BANDZ, did knowingly possess, without lawful authority, a means of identification of another person, to wit: an Illinois driver's license containing information belonging to victim

J.F., during and in relation to Bank Fraud in violation of Title 18, United States Code, Section 1344, knowing that the means of identification belonged to another actual person, all in violation of Title 18, United States Code, Sections 1028A and 2.

## FORFEITURE

The Grand Jury further charges:

23.     For the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A), Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the allegations of Count 1 are incorporated herein by reference. As a result of the foregoing offense, Defendants MUHAMMADO ABDOULAYE DIOKHANE, aka MO, SHANICE HODGE, aka SHAI, ESTON JOHNSON, aka EJ BANDZ, and BRYAN PERRY, shall forfeit to the United States: all property, real and personal, which constitutes, or is derived from, proceeds traceable to the commission of such offense; and, all property constituting, or derived from, proceeds the defendants obtained, directly or indirectly, as the result of such offense; including, but not limited to, a money judgment.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.