IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO.: 3:23CR54 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES R. KNEPP, II |
| | ) | |
| v. | ) | |
| | ) | |
| MUHAMMADO DIOKHANE, | ) | **RESPONSE IN OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION FOR BILL** |
| Defendant. | ) | **OF PARTICULARS** |
| | ) | |

Now comes the United States of America, by and through counsel, Michelle M. Baeppler, First Assistant United States Attorney, and Robert N. Melching, Assistant United States Attorney, and hereby files this response in opposition to Defendant's Motion for a Bill of Particulars, which seeks additional information regarding the Indictment. The motion should be denied because the Indictment adequately apprises the Defendant of the charges against him, and the Government provided the Defendant with complete discovery.

Federal Rule of Criminal Procedure 7(f)[1] permits a defendant to obtain a bill of particulars, only where necessary, "to inform the accused of the nature of the charge against with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense[.]" United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976). "The bill of particulars is not intended as a means of learning the government's evidence and theories …[,] to obtain a list of the Government's witnesses or to discover all of the overt acts

---

[1] Defendant brings his Motion under Ohio R. Crim. P. 7, but it is construed for purposes of this Response as lodged under the equivalent Federal rule.

that might be proven at trial, … [nor] to furnish the names of all other co-conspirators." United States v. Musick, 291 F. App'x 706, 724 (6th Cir. 2008) (internal citations and signals omitted). A motion for a bill of particulars should be denied if the indictment provides sufficient details of the charge and the government provides full discovery to the defense under Rule 16. United States v. Hernandez, 330 F.3d 964, 975 (7th Cir. 2003).

The Indictment in this case describes the nature of the charges against Defendant. Count 1 alleges that Defendant participated in a scheme to defraud from February of 2022 until January of 2023. (R. 12). The Indictment describes the nature of the scheme, Defendant's role in it, and certain acts performed in furtherance of the scheme. Likewise, Counts 2, 3, and 4 provide the venue, participants, date, identities, and predicate acts required for a charge of Aggravated Identity Theft. All told, the Indictment sufficiently identifies the nature of the offenses. Further details regarding the offenses have been provided in discovery. Therefore, a bill of particulars is not required.

For these reasons, the United States objects to this request and respectfully requests that the Court deny this motion.

                                              Respectfully submitted,

                                              MICHELLE M. BAEPPLER
                                              FIRST ASSISTANT UNITED STATES ATTORNEY

By:    */s/ Robert Neil Melching*
          Robert Neil Melching
          Reg. No. P80488 (MI)
          Assistant United States Attorney
          Four Seagate, Suite 308
          Toledo, Ohio 43604
          Phone: (419) 241-0755
          Fax: (419) 259-6360
          Email: Robert.Melching@usdoj.gov